23CA1777 Peo in Interest of LTF 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1777 El Paso County District Court No. 23JV30167 Honorable Jessica L. Curtis, Judge The People of the State of Colorado, Appellee, In the Interest of L.T.F. and E.T-F., Children, and Concerning D.J.T., Appellant, and W.F., Appellee. JUDGMENT AFFIRMED Division III Opinion by JUDGE DUNN Yun and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Kenneth R. Hodges, County Attorney, Shannon Boydstun, Assistant County Attorney, Colorado Springs, Colorado, for Appellee the People Josi McCauley, Guardian Ad Litem Lindsey Parlin, Office of Respondent Parents’ Counsel, Denver, Colorado, for Appellant D.J.T. 
Ainsley Bochniak, Office of Respondent Parents’ Counsel, Denver, Colorado, for Appellee W.F. 
1 ¶ 1 D.J.T. (mother) appeals the judgment allocating parental responsibilities for L.T.F. and E.T-F. (children) to W.F. (father). We affirm. I. Background ¶ 2 The El Paso County Department of Human Services filed a petition in dependency and neglect, alleging concerns about mother’s substance abuse and physical abuse of the children.
1 The juvenile court adjudicated the children dependent and neglected as to mother. ¶ 3 Shortly after, father moved for an allocation of parental responsibilities (APR). After an evidentiary hearing, the juvenile court awarded father sole decision-making responsibility for and physical custody of the children. The court also awarded mother supervised parenting time and ordered a step-up parenting plan to allow mother to progress to unsupervised parenting time. The step-
up plan was conditioned on mother engaging in substance abuse treatment and providing a limited release of information to father. The APR order recognized that the “parties may modify the 1 The Department named two additional children in the petition, but they are not subject to the order allocating parental rights. 
2 parenting time.” The court certified the APR order into a domestic relations case and closed the dependency and neglect case. II. Analysis ¶ 4 The Children’s Code applies to determinations of allocations of parental responsibilities in dependency and neglect proceedings. See People in Interest of J.G., 2021 COA 47, ¶¶ 18-19. Once an APR order is entered, a certified copy of the juvenile court’s order is filed into the district court, and jurisdiction transfers to the district court. See § 19-1-104(6)(b), C.R.S. 2023. ¶ 5 An APR is within the juvenile court’s discretion, and we will not disturb its determination when that ruling is supported by the record. See People in Interest of A.M.K., 68 P.3d 563, 565 (Colo. App. 2003). A court abuses its discretion when its ruling is “manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law.” People in Interest of M.H-K., 2018 COA 178, ¶ 60. ¶ 6 Mother doesn’t challenge the juvenile court’s APR order as it relates to decision-making authority or custody. Instead, she contends that the juvenile court erred by ordering that she “could 
3 not petition the domestic relations court to step down and adjust her [parenting time] until certain conditions were met.” ¶ 7 But we see nothing in the APR order that places any restrictions or preconditions on mother’s ability to seek modification. Indeed, the APR order plainly recognizes that the parties may modify parenting time. And while the APR order outlines conditions to allow mother to step up to unsupervised parenting time, the order neither tethers the parenting time provisions to mother’s ability to move to modify parenting time in the district court nor restricts mother’s right to seek modification in the district court. See § 14-10-129(1)(a)(I), C.R.S. 2023 (allowing a district court to modify parenting time “whenever such order or modification would serve the best interests of the child”).
2 ¶ 8 Because nothing in the APR order prevents mother from moving to modify parenting time in the district court, we disagree that the juvenile court abused its discretion by entering the APR. 2 It doesn’t appear that mother has asked the district court to modify parenting time. Thus, we have no basis to consider mother’s theory that such a motion would be denied because she hasn’t met certain conditions. 
4 III. Disposition ¶ 9 The judgment is affirmed. JUDGE YUN and JUDGE MOULTRIE concur.